IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



UNITED STATES OF AMERICA

v.

JOHN CAMERON DENTON,
    a/k/a "Rape"
    a/k/a "Death"
    a/k/a "Tormentor"

Defendant.

**UNDER SEAL**

Case No. 1:20-mj-84

### GOVERNMENT'S MOTION TO SEAL COMPLAINT
### PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint and affidavit in support of the complaint until the defendant has made an initial appearance pursuant to Rule 5 of the Federal Rules of Criminal Procedure.

**I.    REASONS FOR SEALING** (Local Rule 49(B)(1))

    1.    The Federal Bureau of Investigation is conducting an investigation into a conspiracy to transmit in interstate commerce communications containing threats to injure, in violation of Title 18, United States Code, Section 371, among other crimes.  Premature disclosure of the charges against this defendant would jeopardize an ongoing criminal investigation by threatening our ability to locate and arrest the defendant and may lead to the destruction of evidence.

**II.    REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

    2.    The Court has the inherent power to seal complaints and affidavits in support of

complaints. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

3. The complaint and affidavit in support of the complaint would need to remain sealed until the defendant has made an initial appearance pursuant to Rule 5 of the Federal Rules of Criminal Procedure.

4. Upon occurrence of the event specified in paragraph 3, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the complaint and affidavit in

support of the complaint and this Motion to Seal and proposed Order be sealed until the defendant makes an initial appearance pursuant to Rule 5 of the Federal Rules of Criminal Procedure.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Carina A. Cuellar
Assistant United States Attorney