IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN CAMERON DENTON,<br>    a/k/a "Rape"<br>    a/k/a "Death"<br>    a/k/a "Tormentor"<br><br>    Defendant. | Case No. 1:20-mj-84 |

**Motion to Extend Time for Indictment**
**And Memorandum in Support**

The United States of America, through the undersigned counsel, seeks an order from the

Court extending the thirty-day deadline for the return of an indictment contained in 18 U.S.C.

§ 3161(b).  This extension of time is being sought in light of General Orders No. 2020-02, 03,

06, and 07 of the United States District Court for the Eastern District of Virginia, issued between

March 13 and 24, 2020.

General Order 2020-03 suspends all grand jury proceedings through March 31, 2020, and

permits only the Alexandria Division's grand juries to proceed thereafter until April 17, 2020, to

address concerns about the spread of Coronovirus Disease 2019 (COVID-19).  General Order

2020-06 specifically excludes the March 17–31, 2020 period in General Order 2020-03 from the

time period for filing an indictment or information, as "necessary steps to balance the health and

safety of jurors, court employees, litigants, counsel, judges, and the public, with the

Constitutional responsibility to continue federal court operations during the COVID-19

outbreak." Gen. Order 2020-06 at 6.  General Order 2020-07 extends this time period an

additional 14 days, until May 1, 2020, for a total of 47 days.  As a result, the United States is

unable to seek the return of an indictment within the time frame provided by the statute.  Both

the circumstances of this case and those described in General Orders 2020-02, 03, 06, and 07

justify an extension to serve the ends of justice under 18 U.S.C. § 3161(h)(7).  In support thereof,

the United States provides as follows:

1.      On February 25, 2020, the Court signed a Criminal Complaint charging the

defendant with conspiring to transmit interstate threats, in violation of Title 18, Untied States

Code, Section 371.  On February 26, 2020, the defendant was arrested in the Southern District of

Texas and made his initial appearance.  On February 27, 2020, the defendant waived his

identification hearing and was ordered transferred to the Eastern District of Virginia.

2.      On March 10, 2020, the defendant made his initial appearance in the Eastern

District of Virginia.  On March 13, 2020, the defendant appeared for his combined preliminary

and detention hearing before the Honorable Theresa Carroll Buchanan.  After the defendant

waived his preliminary hearing, the Court found that there was probable cause in support of the

criminal complaint.  The Court then held the detention hearing.  After hearing argument and

considering the facts articulated in the affidavit in support of the criminal complaint, the Court

determined that the defendant posed a continuing threat to the community, and ordered the

defendant detained.

3.      On March 25, 2020, the defendant filed a Motion to Revoke the detention order.

The Court will hear this motion on April 10, 2020.

4.      Title 18, United States Code, Section 3161(b) provides that the United States has 30 days from the date the defendant was arrested to obtain an indictment for the defendant. Accounting for the extended time provided for in General Order 2020-03 and incorporated in General Order 2020-06, the 30-day period in this case expires on May 27, 2020.

5.      On March 13, 2020, the Chief Judge for the Eastern District of Virginia signed General Order No. 2020-02.  Among other things, effective March 16, 2020, this Order suspends all grand jury proceedings in this District except for the Alexandria Division until April 17, 2020.  On March 16, 2020, the Chief Judge for the Eastern District of Virginia signed General Order No. 2020-03, which canceled all grand jury proceedings in this District through March 31, 2020, and allowed only the Alexandria Division grand jury to resume until April 17, 2020.   On March 24, 2020, the Chief Judge for the Eastern District of Virginia extended this time period further, canceling all grand jury proceedings throughout the District until May 1, 2020.

6.      The Court entered this March 16 Order as part of "a staged response to the ongoing public health emergency" that is COVID-19.  Gen. Order No. 2020-02 at 1-2.  The Court noted that the "President of the United States declared a national emergency, and Governor of the Commonwealth of Virginia declared a state of emergency, multiple federal courts have suspended jury proceedings, and classes at Virginia state universities, as well as K-12 public schools within Virginia, have been canceled or temporarily suspended."  Gen. Order No. 2020-02 at 2 n.2.  Additional restrictions on public gatherings and efforts at limiting the spread of the virus are unfolding quickly.  For example, on Friday, March 13, 2020, the United States Court of Appeals for the Fourth Circuit cancelled all of its scheduled oral arguments for

3

the March sitting the following week.  The ultimate scope of the steps needed to limit the spread

of the virus and protect public health is at present not fully determined.

       7.      On March 23, 2020, the Court issued General Order 2020-06, which further

clarified the Court's rulings under the Speedy Trial Act.  The Court recounted the factual

proceedings to date and balanced the factors discussed in 18 U.S.C. § 3161(h)(7)(B) and found

that in light of COVID-19, "the ends of justice outweigh the best interest of the public and the

defendants in a speedy indictment, and a speedy trial, and that the failure to grant such a

continuance would prevent the completion of full and fair jury proceedings and result in a

miscarriage of justice."  Gen. Order 2020-06 at 5-6.

       8.      In its March 24, 2020 General Order, the Court further explained that cancelation

of grand jury until May 1 was necessary due to the "day-to-day evolution of state-wide

shutdowns and increasing community spread of COVID-19 – reasons that highlight the necessity

of a further continuance of all in-person proceedings other than critical or emergency

proceedings – and for the reasons explained in detail in General Order 2020-06, to include the

procedural challenges to seating a jury in the midst of the COVID-19 pandemic. . . ."  Gen.

Order 2020-07 at 7.  The Court found that the suspension was necessary "after balancing the

factors discussed in 18 U.S.C. § 3161(h)(7)(B)" because the Court found "that the exclusion of

such time from the speedy trial period is necessary to balance the health and safety of jurors and

prospective jurors, court employees, litigants (to include criminal defendants), counsel, judges,

and the public, with the Constitutional responsibility to continue federal court operations during

the COVID-19 outbreak."  *Id.* at 7-8.

9.       On March 30, 2020, Governor Ralph Northam issued Executive Order No. 55 ordering most Virginians to stay at home and barring Virginians from gathering in groups larger than ten persons through June 10, 2020.  The Governor's Executive Order may make it impracticable to assemble a grand jury before June 10, 2020.

10.      For these reasons, the United States respectfully requests that due to the evolving needs of the government in helping to arrest the spread of the virus, this Court find that the interests of justice outweigh the defendant's interest in speedy indictment in this case, and that failure to grant such a continuance would not only make a continuation of that proceeding impossible but result in a miscarriage of justice.  An extension serves the factors under § 3161(h)(7)(B) and is justified under the circumstances of this case.  The United States asks the Court to incorporate the findings in General Orders 2020-06 and 07 and respectfully requests that the time period for the return of an indictment be extended through and including June 25, 2020. If additional time beyond that date is needed due to the evolving public health crisis, the United States will return to this Court for an extension.

11.      The United States has advised defense counsel of the filing of this motion and defense counsel objects to this motion.

WHEREFORE, the United States requests that the time to indict this case be extended to and including May 25, 2020, and that the delay resulting from this extension be excluded in computing the time within which an indictment must be filed pursuant to 18 U.S.C. § 3161(h). A proposed order is attached to this Motion.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:          _____/s/_____.

Carina A. Cuellar
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2020, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

counsel of record.


                                        _____/s/_____.
                                        Carina A. Cuellar
                                        Assistant United States Attorney