IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 1:20mj84 |
| | ) |
| JOHN CAMERON DENTON | ) |
| | ) |
| Defendant | ) |

<u>O R D E R</u>

The Defendant, by counsel, has filed a Motion to Revoke Detention Order, the Government has responded, and the Defendant has replied. The Court has reviewed the pleadings, the transcript of the detention hearing before the Magistrate Judge, the criminal complaint, and the affidavit in support of the criminal complaint. A hearing on the motion has been noticed for April 10, 2020 but the Court finds that it will not aid the decisional process and decides the motion herein.

At the detention hearing, Magistrate Judge Theresa C. Buchanan found by clear and convincing evidence that there were no conditions or combination of conditions of release that would reasonably assure the safety of any other person and the community. Magistrate Judge Buchanan highlighted as factors that the weight of the evidence against the Defendant is strong, that the Defendant is subject to a lengthy period of incarceration if convicted, and that the Defendant lacked significant or community or family ties to this district. Magistrate Judge Buchanan also found that a proposed third party custodian in Maryland was unsuitable.

This Court reviews the findings of Magistrate Judge Buchanan de novo pursuant to Title 18 U.S.C. § 3145(b). The Court has independently examined the evidence as well as considered the positions of the Defendant and the Government in their pleadings, and the

transcript of the hearing before Magistrate Judge Buchanan, and finds that Defendant's motion should be denied. The Court's de novo review of the evidence confirms that Magistrate Judge Buchanan's findings were correct.

The swatting events that the Defendant and/or his co-conspirators took part in, estimated at 134 such calls, created very dangerous circumstances for unsuspecting members of the community. The Defendant's swatting calls to ProPublica and the journalist's home created extremely dangerous settings, as law enforcement was responding in force to believed shootings with the active shooter on the premises.

The Defendant was integrally involved in many of these calls and targeted victims himself. He also was planning other cyber attacks. Therefore, the nature of these offenses pose a danger to the community. The evidence against the Defendant is also strong, as he was recorded by law enforcement officers admitting to this conduct. As Magistrate Judge Buchanan found, the Defendant would also continue to pose a danger to the community if released. This Court agrees with that assessment. Upon a review of the proposed conditions of release, this Court also finds that those conditions would not ensure the safety of the community. The Defendant is the reported former leader of his Atomwaffen Division and has been integrally involved in their activities since October 2018. He has been identified over the years publicly by journalists as a member of Atomwaffen who wrote about his activities. He has done so while residing in close proximity to his entire family and employer. Either these individuals were unaware of his activities with Atomwaffen Division or they tolerated this behavior. In either case, it makes the grandfather an unsuitable third-party candidate for release. Mr. Denton has carried out these dangerous activities for eighteen months in front of his family and employer. He has also expressed interest in his potential arrest as being good publicity for the Atomwaffen Division.

As mentioned above, he also admitted planning a future cyber attack against Google. The Court has little confidence that his grandfather could adequately monitor his activities on a computer he could surreptitiously acquire if he were so motivated.

The Court is of course concerned about the danger of COVID 19 to those defendants in custody. However, there have been no reported coronavirus cases reported at the Alexandria Detention Center, where the Defendant is housed. Moreover, the Alexandria Detention Center has taken aggressive measures to try to prevent an outbreak. Therefore, the fear of contracting the virus does not outweigh the reasons why detention is necessary to ensure the safety of the community under 18 U.S.C. § 3142, and the Motion to Revoke Detention (Dkt. 18) is **DENIED**.

It is so **ORDERED** .

/s/ Liam O'Grady
Liam O'Grady
United States District Judge

Alexandria, Virginia
April 9, 2020